UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ANDREW GEORGE,

               Plaintiff,

-against-

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION; KEVIN J. BERRY, District Director EEOC; AUSTIN TURNER, EEOC Investigator; PHILIP REO, EEOC Investigator; CHARLES DIAMOND, EEOC Investigator,

               Defendants.

18-CV-9877 (LLS)

ORDER OF DISMISSAL

---

LOUIS L. STANTON, United States District Judge:

Plaintiff brings this *pro se* action, for which the filing fee has been paid, alleging discrimination claims against the Equal Employment Opportunity Commission (EEOC) and four EEOC employees.[1] The Court dismisses the complaint for the reasons set forth below.

## STANDARD OF REVIEW

The Court has the authority to dismiss a complaint, even when the plaintiff has paid the filing fee, if it determines that the action is frivolous, *Fitzgerald v. First E. Seventh Tenants Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000) (*per curiam*) (citing *Pillay v. INS*, 45 F.3d 14, 16-17 (2d Cir. 1995) (*per curiam*) (holding that Court of Appeals has inherent authority to dismiss frivolous appeal)), or that the Court lacks subject matter jurisdiction, *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). The Court is obliged, however, to construe *pro se* pleadings

---

[1] On October 30, 2018, the Court directed Plaintiff to submit an amended application for leave to proceed *in forma pauperis* (IFP). That order stated that because Plaintiff's IFP application was incomplete, the Court was unable to determine whether he qualified for IFP status. Plaintiff paid the filing fee, but he also submitted a letter stating that he "really cannot afford the fee." (ECF No. 5.) It is not clear why Plaintiff paid the fee instead of submitting an amended IFP application.

liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## BACKGROUND

Plaintiff filed this complaint against the EEOC, the EEOC District Director, and three EEOC investigators. With attachments, the pleading totals 141 pages, and it contains the following factual assertions. For 25 years, Plaintiff has received "consistently standard and above standard evaluation reviews" for his work as an "accounts payable clerk/inventory control clerk/accounts payable assistant supervisor and supervisor handling the day-to-day operation and substituting as manager and being assigned the same responsibilities as the director." Plaintiff is the "oldest, Black male and more important the most experienced" employee. (ECF No. 2 at 6.)[2] Yet "all of a sudden," Plaintiff was deemed to be "incompetent," based on "bogus disciplinary charges." He was demoted and replaced with younger, female employees, which constitutes discrimination based on Plaintiff's age, race, and gender. (*Id.*)

Defendants, all from the EEOC, have "consistently agreed with [the employer] and to try and cover up any wrong doing they have repeatedly issued" notices of right to sue that were "humiliating," "watered down," and so "lousy" that no attorney would take Plaintiff's case. (*Id.*) Attached to the complaint are two notices of right to sue. The first one, dated December 11, 2011, identifies Continuum Health Partners as the respondent. The second one, dated March 31, 2017, identifies Mt. Sinai Medical Center as the respondent. (*Id.* at 25-30.)

---

[2] Citations to page numbers in the complaint refer to the ECF page numbers, because the pages of Plaintiff's complaint are not numbered.

Defendants Turner and Reo are each listed as the EEOC representative/investigator on one of the notices of right to sue, and Defendant Berry is listed as the district director on both. The notices of right to sue state that the EEOC was "unable to conclude that information obtained establishes violation of the statutes. This does not certify that the respondent is in compliance [with] the statutes." (ECF No. 2 at 37 and 30.) The notices of right to sue further state that Plaintiff's remaining remedy was to file suit in federal court within ninety days from the date on the notice. (ECF No. 2 at 25-30.) The Court could find no indication that Plaintiff ever filed an employment discrimination complaint in federal court against Continuum or Mt. Sinai.

As far as the Court can tell, Plaintiff is still employed at Mt. Sinai. Any connection between Continuum and Mt. Sinai is not readily apparent from the complaint. Attached to the complaint are, among other things, work-related emails, evaluations, and memoranda that Plaintiff wrote to the EEOC and other organizations about the unfair treatment he was receiving at work.

## DISCUSSION

Because Plaintiff alleges that he was discriminated against based upon his age, gender, and race, the Court liberally construes the complaint as asserting claims under Title VII of the Civil Rights Act (Title VII), and the Age Discrimination in Employment Act (ADEA). Title VII provides that "[i]t shall be an unlawful employment practice for an employer … to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex or national origin." 42 U.S.C. § 2000e-2(a). The ADEA makes it unlawful for an employer to "discharge any individual or otherwise discriminate against

any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a).

Plaintiff names the EEOC, a district director, and three investigators, and asserts that Defendants handled his case in a discriminatory manner. As the Second Circuit has held, however, "Title VII provides no express or implied cause of action against the EEOC for claims that the EEOC failed properly to investigate or process an employment discrimination charge." *Baba v. Japan Travel Bureau Int'l*, 111 F.3d 2, 6 (2d Cir. 1997) (per curiam). Therefore, the United States has not waived sovereign immunity for suits against the EEOC based on the EEOC's handling of an employment discrimination charge." *McKoy v. Potter*, No. 08-CV-9428 (PKC), 2009 WL 1110692, at *5 (S.D.N.Y. Apr. 21, 2009). For this reason, Plaintiff's claims against the EEOC must be dismissed.[3]

The Court would normally allow Plaintiff an opportunity to amend his complaint. Where an amendment would be futile, however, leave to amend is not required. *Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend.

---

[3] Plaintiff also cannot assert claims against the EEOC under the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2675(a), because the FTCA does not apply to claims based on the EEOC's failure to perform discretionary duties, *see* 28 U.S.C. § 2680(a). Nor may Plaintiff maintain a claim against the EEOC under the section of the Administrative Procedures Act (APA) that provides for a civil remedy against the EEOC, *see* 5 U.S.C. § 552a(g)(4)(A) & (B), because he does not allege that "the agency acted in a manner which was intentional or willful[,]" 5 U.S.C. § 552a(g)(4), *i.e.*, "so patently egregious and unlawful that anyone undertaking the conduct should have known it unlawful, or conduct committed without grounds for believing it to be lawful or action flagrantly disregarding others' rights under [§ 552a(g)(4)]." *Pippinger v. Rubin*, 129 F.3d 519, 530 (10th Cir. 1997) (quotation omitted).

**CONCLUSION**

The Clerk of Court is directed to reassign this matter to my docket, mail a copy of this order to Plaintiff, and note service on the docket. The Court dismisses this action because it seeks monetary relief from defendants that are immune from such relief.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:  November 30, 2018
        New York, New York

*Louis L. Stanton*
Louis L. Stanton
U.S.D.J.